1
2
3
4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  ALICE K. IKENBERRY,<br><br>8                Plaintiff,<br><br>9         v.<br><br>10 BATTELLE MEMORIAL INSTITUTE<br>   d/b/a PACIFIC NORTHWEST<br>   NATIONAL LABORATORY,<br>11<br>              Defendant.<br>12 | NO: CV-10-05136-RMP<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS |

## I. INTRODUCTION

Before the Court is Defendant Battelle Memorial Institute's Rule 12(b)(6) motion to dismiss Plaintiff Alice K. Ikenberry's complaint of wrongful discharge for failure to state a claim upon which relief can be granted. The Court has reviewed and considered Plaintiff's Complaint (Ct. Rec. 1 at 10-11) and Plaintiff's Amended Complaint (Ct. Rec. 6), as well as the other relevant pleadings in this

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1  matter.[1]  The issue is whether Plaintiff has pleaded sufficient facts in her

2  Complaint and Amended Complaint to establish the requisite plausibility that will

3  defeat Defendant's Motion to Dismiss.

## II. BACKGROUND

5  On October 14, 2010, Ms. Ikenberry commenced an action for wrongful

6  discharge against Battelle at the Superior Court in Benton County, Washington (Ct.

7  Rec. 1 at 10-11).  Ms. Ikenberry alleged that Battelle Memorial Institute

8  ("Battelle") terminated Ms. Ikenberry's employment on May 13, 2009 (Ct. Rec. 1

9  at 11; Ct. Rec. 6 at 2).  Ms. Ikenberry alleges that she was above the age of 40

10  years at the time of her discharge (Ct. Rec. 6 at 2).  On November 16, 2010, the

11  suit was removed to this Court on diversity jurisdiction under 28 U.S.C. §§ 1332,

12  1441 (Ct. Rec. 1).

13  Battelle moved to dismiss the claim on November 23, 2010, and Ms.

14  Ikenberry filed a responsive Amended Complaint six days later (Ct. Rec. 3, 6).

15  The Amended Complaint only added Ms. Ikenberry's age at the time of her

16  discharge (Ct. Rec. 6 at 2).

---

[1] Defendant's Motion to Dismiss (Ct. Rec. 3), Defendant's Memorandum in Support (Ct. Rec. 4), Plaintiff's Memorandum in Opposition (Ct. Rec. 8), and Defendant's Reply Memorandum (Ct. Rec. 10).

1    Together, the Complaint and Amended Complaint assert that Battelle
2  terminated Ms. Ikenberry's employment based on age and gender in violation of
3  the Washington Law Against Discrimination ("WLAD") (Ct. Rec. 1 at 11; Ct. Rec.
4  6 at 2). These documents cite the WLAD, RCW § 49.60 as the basis for Ms.
5  Ikenberry's claim (Ct. Rec. 1 at 11; Ct. Rec. 6 at 2). Ms. Ikenberry does not allege
6  how long she was employed by Battelle, whether she was qualified for the job
7  from which she was terminated or performing equal quality work at the time of
8  termination, what circumstances surrounded her termination, how age and gender
9  served as substantial factors in her termination, or whether she was replaced by a
10  person not in a protected category.

11    Battelle reaffirms its motion to dismiss in light of the Amended Complaint,
12  arguing that the amendment does not cure the original Complaint's fundamental
13  defect, namely, insufficient facts to establish the requisite plausibility (Ct. Rec. 9 at
14  3, Ct. Rec. 10 at 1-2, Ct. Rec. 4 at 4-6). Ms. Ikenberry argues that she only is
15  required to plead such facts as would defeat a motion to dismiss under Washington
16  law (Ct. Rec. 8 at 2, 5). She also contends that she has provided sufficient factual
17  material here because, by claiming she was terminated based on age and gender,
18  she has identified the circumstances surrounding her discharge and established age
19  and gender as substantial factors (Ct. Rec. 8 at 5-6). Finally, Ms. Ikenberry asserts
20  that Battelle is improperly using its Motion to Dismiss as a discovery tactic, and

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

should have instead moved for a more definite statement under Rule 12(e) (Ct. Rec. 8 at 6).

### III. STANDARD FOR DISMISSAL

Under Rule 12(b)(6), a court may dismiss a complaint on motion by the defendant where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### IV. DISCUSSION

The Court considers Battelle's Motion to Dismiss as it applies to both the Complaint and the Amended Complaint, pursuant to the Advisory Committee Notes to the 2009 Amendment of Rule 15. *See* Fed. R. Civ. P. 15 advisory committee's note (pleadings and amended pleadings may be considered together).

**A. Defendant's Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 44, 47 (1957).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

A complaint fails to meet this standard and is subject to dismissal under Rule 12(b)(6) when it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain enough factual content to "nudge[] the[] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id* at 1950.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

1   The proper application of these pleading standards was exemplified in *Iqbal*,
2   129 S. Ct. 1937.  There, the plaintiff, a Pakistani Muslim, alleged that he was
3   knowingly and willfully subjected to "harsh conditions of confinement on account
4   of his race, religion, or national origin." *Id.* at 1942.  The U.S. Supreme Court held
5   these allegations to be merely conclusory and reasoned that they were not entitled
6   to an assumption of truth because they were only "bare assertions . . . amount[ing]
7   to nothing more than a 'formulaic recitation of the elements' of a constitutional
8   discrimination claim." *Id.* at 1951 (quoting *Twombly*, 550 U.S. at 555).  The Court
9   further held these legal conclusions to be insufficiently supported and implausible.
10  *See id.*

11  The Ninth Circuit Court of Appeals reached a similar result in *Moss v. U.S.*
12  *Secret Serv.*, 572 F.3d 962 (9th Cir. 2009).  There, the plaintiffs, a group of
13  demonstrators opposing the policies of President George W. Bush, claimed that
14  they were subjected to "viewpoint discrimination" when they were ordered to
15  relocate their demonstration while nearby pro-Bush demonstrators were left
16  undisturbed. *Id.* at 970-71.  The court found that "[t]he bald allegation of
17  impermissible motive . . . , standing alone, [wa]s conclusory and [wa]s therefore
18  not entitled to an assumption of truth." *Id.* at 971.  The court concluded that it
19  could not "reasonably infer that the Agents ordered the relocation of Plaintiffs'
20

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

1  demonstration because of its anti-Bush message." *Id.* at 972.  In so concluding, the

2  court reasoned that "mere possibility is not enough." *Id.* at 971-72.

3      In this case, Ms. Ikenberry sued Battelle for wrongful discharge under the

4  WLAD (Ct. Rec. 1 at 11; 6 at 2).  Therefore, to determine whether Ms. Ikenberry

5  has sufficiently alleged her complaint, the Court must compare what Ms. Ikenberry

6  ultimately must prove under the WLAD and to the allegations set forth in the

7  Complaint and Amended Complaint.

8      The WLAD provides that "[i]t is an unfair practice for any employer . . . .

9  [t]o discharge . . . any person from employment because of age [or] sex." Wash.

10  Rev. Code § 49.60.180(2).  To prevail, "a plaintiff must prove that [age or sex] was

11  a 'substantial factor' in an employer's adverse employment decision." *Mackay v.*

12  *Acorn Custom Cabinetry, Inc.*, 127 Wash. 2d 302, 310 (1995).

13      With regard to age discrimination, only employees ages 40 and older are

14  protected. *See* Wash. Rev. Code § 49.44.090(1).  To establish a prima facie case of

15  age discrimination, a plaintiff-employee must show four elements: "(1) she was

16  within the statutorily protected age group; (2) was discharged; (3) was doing

17  satisfactory work; and (4) was replaced by a younger person." *Balkenbush v. Ortho*

18  *Biotech Prods., L.P.*, 653 F. Supp. 2d 1115, 1122 (E.D. Wash. 2009) (citing

19  *Grimwood v. Univ. of Puget Sound, Inc.,* 110 Wash. 2d 355, 362 (1988)).

20

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

A prima facie case of gender discrimination also requires the plaintiff-employee to prove four elements: "(1) membership in a protected class; (2) the employee is qualified for the job or performing substantially equal work; (3) an adverse employment decision, including termination or denial of promotion; and (4) selection by the employer of a replacement or promoted person from outside the protected class." *Id.* (citing *Kuest v. Regent Assisted Living, Inc.,* 111 Wash. App. 36, 44 (2002)).

Ms. Ikenberry alleges in the Complaint and Amended Complaint that she was terminated because of her age and gender (Ct. Rec. 1 at 11; Ct. Rec. 6 at 2); however, this statement is a legal conclusion, not a factual allegation. In order for this legal conclusion to provide a plausible framework for her claim, Ms. Ikenberry must support it with additional factual content. The Amended Complaint specifies that Ms. Ikenberry was above the age of 40 years at the time of her discharge (Ct. Rec. 6 at 2). However, Ms. Ikenberry has alleged nothing beyond this fact.

Specifically, Ms. Ikenberry has not alleged how long Battelle employed her, whether she was qualified for the job or performing substantially equal work, what circumstances surrounded her termination, how age and gender served as substantial factors in her termination, or whether she was replaced by a person not in a protected class.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

Ms. Ikenberry's fails to allege facts supporting a prima facie case of age or gender discrimination. Accordingly, Ms. Ikenberry has failed to state a facially plausible claim upon which relief can be granted. The Complaint and Amended Complaint must therefore be dismissed.

**C. Leave to Amend**

Upon dismissal of a complaint, "a trial court shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Complaints can be properly dismissed without leave to amend in some "'extraordinary' cases." *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir.2003) (quoting *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)). These extraordinary cases include those in which "the pleading could not possibly be cured by the allegations of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

In the present case, Ms. Ikenberry already has benefitted from one chance to amend her Complaint (Ct. Rec. 6). However, it is possible that Plaintiff's current pleadings could be cured by the addition of supportive factual content. Therefore, the Court will dismiss Ms. Ikenberry's Complaint and Amended Complaint with leave to amend.

## V. CONCLUSION

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff failed to plead sufficient facts in her Complaint and Amended Complaint to state a facially plausible claim upon which relief can be granted.

Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (**Ct. Rec. 3**) is **GRANTED**.

2. Plaintiff's Complaint and Amended Complaint (**Ct. Recs. 1, 6**) are **DISMISSED WITH LEAVE TO AMEND**.

3. All pending motions, if any, are **DENIED AS MOOT**.

4. All court dates, if any, are **STRICKEN**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 8th day of March, 2011.

                 *s/ Rosanna Malouf Peterson*
                 ROSANNA MALOUF PETERSON
                 Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 10